UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES for the use of<br>AUBURN INDUSTRIAL INSULATION, INC.,<br>       Plaintiff<br><br>V.<br><br>DAVID R. NORTHUP ELECTRICAL<br> CONTRACTORS, INC.,<br>TRAVELERS CASUALTY and SURETY COMPANY<br> OF AMERICA,<br>       Defendants | Civil Action No.:<br><br>**04-40159**<br><br>RECEIPT # 404386<br>AMOUNT $ 150-<br>SUMMONS ISSUED 3<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK. KH<br>DATE 8-19-04 |

**COMPLAINT**

**Count I**

1. This court has jurisdiction of this matter pursuant to title 40, section 3133(b) of the United States Code, popularly known as the Miller Act.

2. The relator, the United States, is the sovereign.

3. Plaintiff, Auburn Industrial Insulation, Inc. ("Auburn") is a corporation organized pursuant to the laws of Massachusetts, with a usual place of business at 10 Goulding Drive, Auburn, MA.

4. Defendant, David R. Northup Electrical Contractors, Inc. ("Northup") is a corporation, organized pursuant to the laws of Massachusetts, with a usual place of business at 73 Bowles Road, Agawam, MA.

5. Defendant, Travelers Casualty and Surety Company of America ("Travelers") is an insurance corporation, organized pursuant to the laws of Connecticut, with a usual place of business at One Tower Square, Hartford, CT.

1

6. At all times material and relevant to the events described in this complaint, the Marine Corps Reserve Training Center, Westover Air Reserve Base, Chicopee, MA (the "Project") was owned by the United States, or an agency or department thereof.

7. On or about 10 October 2002, Northup entered into a contract with Volmar Construction, Inc. to provide and install certain plumbing and heating, ventilation, and air conditioning work to the Project.

8. On or about 9 April 2003, Northup retained Auburn to supply and install certain insulation pursuant to two written proposals, copies of which are attached hereto as exhibit "1" and specifically incorporated by reference herein. In consideration of the work and materials to be supplied by Auburn pursuant to the two proposals, Northup agreed to pay to Auburn the sum of $108,800.00.

9. After Auburn commenced its work, Northup requested, and Auburn agreed to provide certain additional labor and materials. In consideration for the additional labor and materials, Northup agreed to pay Auburn the additional sum of $2,935.00.

10. In all, Northup agreed to pay to Auburn the total sum of $111,735.00 for all of the work and materials to be supplied by Auburn to the Project.

11. By 1 December 2003, Auburn had fully completed all of the work and supplied all of the materials pursuant to the two proposals and further completed all of the additional work and supplied all of the additional materials as requested by Northup.

12. Notwithstanding the fact that Auburn has completed all of the work and supplied all of the materials that it agreed to perform and supply, Northup has failed and/or refused to pay to Auburn all of the monies that it agreed to pay to Auburn. As of the filing of this complaint, Northup owes to Auburn the sum of $5,511.75 for the work and materials supplied by Auburn to the Project.

13. Auburn has demanded payment from Northup, but Northup has failed and/or refused to tender payment.

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

UNITED STATES for the use of AUBURN INDUSTRIAL INSULATION, INC.

## DEFENDANTS

DAVID R. NORTHUP ELECTRICAL CONTRCTORS, INC.
TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Hampden
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Russell S. Chernin, Esquire (BBO: 082050)
390 Main Street
Worcester, MA 01608
Tel: 508-753-8118

ATTORNEYS (IF KNOWN)

04-40159

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This case is brought pursuant to 40 U.S.C. §3133(b), the so-called Miller Act. Plaintiff seeks to recover monies due for labor and materials performed on a federally-owned project

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [X] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- [ ] 362 Personal Injury — Med Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Other

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

DEMAND $ 5,511.7   Check YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

NOne        JUDGE _____    DOCKET NUMBER _____

DATE  18 Aug. 2004

SIGNATURE OF ATTORNEY OF RECORD  /s/ Russell S. Chernin

**UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) United States ex rel. Auburn Ind. Ins., Inc. v. David R. Northup Elec. Contractors, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 8(a)).

   ___ I.  160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II. 195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

   **04-40159**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 8(e)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - SEE LOCAL RULE 8(c). YES ___ No
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - SEE LOCAL RULE 8(d). YES ___ No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES X
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? Central

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Central/Western

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION No OR WESTERN SECTION No

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Russell S. Chernin, Esq. (BBO. 082050)
ADDRESS  390 Main Street, Worcester, MA 01608
TELEPHONE NO.  508-753-8118

(COVER.SHT-09/89)

# AUBURN INDUSTRIAL INSULATION, INC.
COMMERCIAL-INDUSTRIAL-MARINE INSULATORS-HEATING AND COOLING-FIRE STOPPING

1

August 2, 2002

Mr. David Scudder
David R. Northup Electrical
Contractors, Inc.
73 Bowles Road
P.O. Box 249
Agawam, Ma. 01001

RE: MECHANICAL INSULATION
    WESTOVER
    PLUMBING

Dear David,

Auburn Industrial Insulation proposes to furnish all labor, materials and equipment to perform the following project:

**SCOPE OF WORK:**
Insulate approximately 2500 lineal feet of hot water and cold water supply/ returns lines as shown on the drawings and in accordance with the specifications.

**PRICE:** $9,300.00 (nine thousand three hundred dollars)

Auburn Industrial Insulation appreciates the opportunity to quote this project to you. If you have any questions regarding this proposal call me at (508) 832-3070.

Sincerely,

Rick Patterson
President

10 GOULDING DRIVE   AUBURN, MA. 01501   PHONE (508) 832-3070   FAX (508) 832-3424

# AUBURN INDUSTRIAL INSULATION, INC.
COMMERCIAL-INDUSTRIAL-MARINE INSULATORS-HEATING AND COOLING-FIRE STOPPING

August 5, 2002

Mr. David Scudder
David R. Northup Electrical
Contractors, Inc.
73 Bowles Road
P.O. Box 249
Agawam, MA. 01001

RE: MECHANICAL INSULATION
    WESTOVER
    MECHANICAL

Dear David,

Auburn Industrial Insulation proposes to furnish all labor, materials and equipment to perform the following project:

**SCOPE OF WORK:**
Insulate the hot water/cold water supply and return piping, duct and equipment as shown on the drawings and in accordance with the specifications.

**PRICE:** $99,500.00 (ninety nine thousand five hundred dollars)

Auburn Industrial Insulation appreciates the opportunity to quote this project to you. If you have any questions regarding this proposal call me at (508) 832-3070.

Sincerely,

Rick Patterson
President

10 GOULDING DRIVE    AUBURN, MA. 01501    PHONE (508) 832-3070    FAX (508) 832-3424

# LABOR AND MATERIAL PAYMENT BOND

Travelers Casualty and Surety Company of America
One Tower Square 3PB, Hartford, CT 06183

Bond No. <u>103655055</u>

THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE OWNER CONDITIONED ON THE FULL AND FAITHFULL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That <u>DAVID R. NORTHUP ELECTRICAL CONTRACTORS INC.</u> Principal, and, <u>Travelers Casualty and Surety Company of America</u> of <u>One Tower Square 3PB, Hartford, CT 06183</u>, as Principal, hereinafter called under the laws of the State of Connecticut, as Surety, hereinafter called Surety, are held firmly bound unto <u>VOLMAR CONSTRUCTION, INC.</u>, as Obligee, hereinafter called Owner for the use and benefit of Claimants as herein below defined, in the amount of <u>ONE MILLION ONE HUNDRED TWENTY SIX THOUSAND and 00/100</u> _____ Dollars ($1,126,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated <u>10/10/02</u>
<u>MARINE CORPS RESERVE TRAINING CENTER, WESTOVER AIR RESERVE BASE, CHICOPEE, MA</u>, entered into a contract with Owner for <u>DESIGN/BUILD PLUMBING & HVAC - CONTR. #N62472-00-D-0803/001</u>, which contract is by reference made a part hereof, and is hereinafter referred to as the Contract. in accordance with Drawings and Specifications prepared by

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1) A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2) The above-named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3) No suit or action shall be commenced hereunder by any claimant:
(a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: the Principal, the Owner, or the Surety above-named, within ninety (90) days after such claimant did or performed the last of the work

or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made by a public officer.

(b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

(c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4) The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder. Inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

Signed and sealed this <u>28th</u> day of <u>October, 2002</u>.

_Mary A. Roy_
Witness

_Christie M. Wall_
Witness

DAVID R. NORTHUP ELECTRICAL CONTRACTORS, INC.
_[signature]_ Vice President
Principal

Travelers Casualty and Surety Company of America
_Carole A. Szlachetka_
CAROLE A. SZLACHETKA
Attorney-In-Fact

Printed in cooperation with the American Institute of Architects (AIA) by Travelers Casualty and Surety Company of America. The language in this document conforms exactly to the language used in AIA Document A311, February 1970 edition.

S-1871-F (10-00)